UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRENITA COMBS, | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | )    **CASE NO. 16-CV-75-JED-PJC** |
| | ) |
| INTERNAL REVENUE SERVICE, | ) |
| | ) |
| **Defendants.** | ) |

<u>UNITED STATES OF AMERICA'S MOTION TO DISMISS AND BRIEF IN SUPPORT</u>

COMES NOW the United States of America, on behalf of federal Defendant, Internal Revenue Service ("Defendant" or "United States"), and moves the Court to dismiss Plaintiff's claims. As first noted in the Answer filed by the Defendant, venue is improper in this Court, and consequently, dismissal is appropriate.  Dkt. # 11.  In the alternative, this Court should transfer this civil action to the Western District of Missouri (WD MO), pursuant to Fed. R. Civ. P. 12(b)(3). Pursuant to 42 U.S.C. § 2000e-5(f)(3), this case should be transferred to the WD MO because that is the location where all of the alleged discriminatory acts occurred as well as the location where all of the relevant records are maintained. Additionally, pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses and in the interest of justice, this case should be transferred to Missouri.

<u>I. BACKGROUND</u>

Plaintiff, Brenita Combs was employed by the Department of the Treasury, Internal Revenue Service as a Contact Representative, in Kansas City, Missouri at all times relevant to this litigation.  Combs v. Treasury, 2015 WL 2455193 (MSPB Decision No. CH-3443-15-0397-I-1).

On February 8, 2016, Plaintiff Combs filed a complaint in the Northern District of Oklahoma. ("NDOK").  Oklahoma is not the State where any unlawful employment practice is

alleged to have been committed and is not the State where relevant employment records are housed

and is not the State in which Plaintiff would have worked but for an alleged unlawful employment

practice.   Dkt. 11 at p. 1.

## II. ARGUMENTS AND AUTHORITIES

The venue provision applicable to cases brought pursuant to Title VII provides that a civil

action may be brought in one of four judicial districts:

1)   any judicial district in the State in which the unlawful employment practice is alleged to have been committed;

2)   the judicial district in which the employment records relevant to such practice are maintained and administered;

3)   the judicial district in which the aggrieved person would have worked but for the unlawful employment practice; or

4)   if the respondent is not found within any such district, within the judicial district in which the respondent has its principal office.

42 U.S.C. § 2000e-5(f)(3). Venue is improper in the Northern District of Oklahoma (NDOK) under

42 U.S.C. § 2000e-5(f)(3) because Oklahoma is not the State in which the unlawful employment

practice is alleged to have been committed, Oklahoma is not the State in which the employment

records relevant to such practice are maintained and administered, and this District is not the

judicial district in which Plaintiff would have worked but for the alleged unlawful employment

practice.   Clearly, venue properly lies in the WD MO. 28 U.S.C. § 1404(a) authorizes a court to

transfer an action to any other district where it could have been brought "for the convenience of

parties and witnesses, in the interest of justice." In *Chrysler Credit Corp. v. Country Chrysler,*

*Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991), the Tenth Circuit Court of Appeals discussed the factors

relevant to considering whether to transfer an action to a different venue.   In particular, the

accessibility of witnesses and other sources of proof as well as the cost of making the necessary

2

proof should be considered.   Id.   Here, it appears that where the entirety of the employment transaction took place in another district, venue is inappropriate here.   This case has no connection to the Northern District of Oklahoma.

This Court has not hesitated to apply the venue provisions of Title VII and dismiss litigation improperly brought in this jurisdiction.   Grayson v. Dynaten Corp., 2011 WL 4403676, reconsideration denied 2012 WL 1995284.   There, as here, the plaintiff's entire course of employment was in another state – including all alleged harassment and discriminatory actions. Id.   Rather than transfer the matter, as requested by the employer, the Court dismissed the matter without prejudice.

### III. CONCLUSION

Venue is proper in the WD MO under Title VII's venue provision.   Kansas City, Missouri is the place where the alleged wrongdoings occurred and the place where all logical witnesses as to the terms and conditions of Plaintiff's employment are located.

**WHEREFORE**, the United States respectfully requests that this Court enter an order finding that venue is not proper and dismissing this matter in its entirety and all such other relief, at law or in equity, to which it may be entitled.

UNITED STATES OF AMERICA

**DANNY C. WILLIAMS, SR.**
United States Attorney

s/Cathryn Mcclanahan
**CATHRYN D. MCCLANAHAN,
OBA #14853**
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119-1013
(918) 382-2700 (Phone)
(918) 560-7948 (Fax)
cathy.mcclanahan@usdoj.gov

## CERTIFICATE OF SERVICE

X        I hereby certify that on the 12th day of October 2016, I served the foregoing document by mail, proper postage paid on the following, who is not a registered participant of the ECF System:

Brenita Combs
10029 E. 29th St.
Tulsa, OK 74129
*Pro Se Plaintiff*

s/traci owens
TRACI OWENS
Legal Assistant

4