IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRENITA COMBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 16-CV-75-JED-PJC |
| v. ) | |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

In this employment discrimination action, plaintiff, Brenita Combs, asserts that the Internal Revenue Service discriminated against her on the basis of race and age and retaliated against her. (Doc. 1 at 2). She further asserts constructive termination, harassment, and disparate treatment. The defendant has filed a Motion to Dismiss (Doc. 16). In its motion, the defendant asserts that the case should be dismissed or transferred for improper venue, because the plaintiff was employed by the United States Department of the Treasury, Internal Revenue Service (IRS) in Kansas City, Missouri, at all times that are relevant to plaintiff's claims. (Doc. 16). Plaintiff does not dispute that her employment was in Kansas City, Missouri, and she acknowledges that no discriminatory act took place in the State of Oklahoma. (*See* Doc. 17 at 1-2) (requesting that this Court "take [her] case, because [she is] no longer living in the state where [the alleged employment discrimination] took place").

As a basis for dismissal or transfer, the defendant cites Fed. R. Civ. P. 12(b)(3), 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. § 1404(a). Under Fed. R. Civ. P. 12(b), it would appear that the motion to dismiss for improper venue is not timely, as that Rule requires that "[a] motion asserting [an improper venue defense] must be made before pleading if a responsive pleading is allowed," and the defendant filed an Answer to the Complaint before it filed its motion to dismiss. (*See* Doc.

11). At the same time, however, it is clear that the defense of improper venue was not waived, because the defendant raised improper venue in its Answer. *See* Fed. R. Civ. P. 12(b) ("No defense or objection is waived by joining it with one or more other defenses . . . in a responsive pleading."); *see also* Fed. R. Civ. P. 12(h) (Rule 12(b)(3) defense is not waived if it is included in a responsive pleading).[1] In any event, the Court need not determine the motion only under Rule 12(b)(3), because the defendant has alternatively moved pursuant to 42 U.S.C. § 2000e-5(f)(3), which establishes that venue in this District is not appropriate, as well as under 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought." In this Circuit, "[a]n action may be transferred under § 1404(a) at any time during the pendency of the case." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).

Venue is improper in this Court because the alleged unlawful employment practices were not committed in Oklahoma. *See* 42 U.S.C. § 2000e-5(f)(3). The applicable statute provides that a civil action "may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such action may be brought within the judicial district in which the respondent has his principal office." *Id.* Here, it is

---

[1] For a discussion regarding the apparent conflict between Rule 12(b)'s mandatory language, requiring any motion under Rule 12(b) to be filed before answering, and the provisions of Rule 12(h), which provides that the Rule 12(b)(3) defense is *not* waived if raised by answer, *see Hedges v. Trailer Express Inc.*, CIV-14-1145-R, 2015 WL 402857 at **2-3 (W.D. Okla. Jan. 29, 2015).

undisputed that there is no proper basis for venue in this District, and plaintiff does not dispute that the Western District of Missouri is the location where all of the allegedly discriminatory actions occurred and where all relevant records are maintained. Accordingly, transfer of venue is proper.

The defendant's alternative motion to transfer (Doc. 16) is **granted**. The Court Clerk is hereby **directed to transfer** this case to the United States District Court for the Western District of Missouri.

SO ORDERED this 1st day of May, 2017.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE